**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LINGLING WANG,
          Appellant,

      v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBERS
DC-0752-17-0510-I-1
DC-0752-17-0509-I-1

DATE: JUNE 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lingling Wang</u>, Chantilly, Virginia, pro se.

<u>Benjamin K. Ahlstrom</u> and <u>William Horrigan</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed these joined appeals with prejudice for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    On August 18, 2017, the administrative judge issued an initial decision dismissing these joined appeals with prejudice for failure to prosecute. Initial Appeal File (IAF), Tab 34, Initial Decision (ID) at 1.[2] The administrative judge informed the appellant that the decision would become final on September 22, 2017, unless a petition for review was filed by that date. ID at 5. On April 2, 2020, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶3    A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The appellant asserts that she has "no knowledge about the initial decision." PFR File, Tab 4 at 11. To the extent she is alleging that she never received the initial decision, we find that, as an e-filer, she is deemed to have received the initial decision on the date of electronic submission. IAF, Tab 1 at 2; *see Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(m)(2). Accordingly, the appellant's petition for review was due on September 22, 2017, and her submission filed April 2, 2020, is 923 days, or over 2 and a half years, untimely. This is a significant delay.

¶4    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 7 (2007); 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Stribling*, 107 M.S.P.R. 166, ¶ 7.

---

[2] For ease of reference, all citations to the record in this order are to the files in *Wang v. Department of Commerce*, MSPB Docket No. DC-0752-17-0510-I-1, except as otherwise noted.

To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶5  The Board will find good cause for an untimely filing when a party demonstrates that she suffered from an illness or medical condition that affected her ability to file on time. *E.g.*, *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016). To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which she suffered from the illness, (2) submit medical evidence showing that she suffered from the alleged illness during that time period, and (3) explain how the illness prevented her from timely filing her petition or a request for an extension of time. *Id.* (citing *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 & n.* (1998)). The party need not prove incapacitation, only that her ability to file was affected or impaired by the medical condition. *Id.*

¶6  The Office of the Clerk of the Board informed the appellant that her petition appeared untimely and advised her of how to establish good cause for a waiver of the time limit. PFR File, Tab 3 at 2. The Office of the Clerk of the Board additionally provided a sample motion to accept her filing as timely or to ask the Board to waive the time limit, and informed her of how to establish good cause for a waiver when alleging that health or illness affected her ability to meet filing deadlines. *Id.* at 7-8 & n.1. In her motion to waive the time limit for filing a petition for review, the appellant set forth various physical and mental health problems she has been experiencing, including insomnia, anxiety, hopelessness, loss of energy, and concentration problems. PFR File, Tab 4 at 5. She additionally set forth that the left side of her body has generally been disabled

since 2015. *Id.* at 6. As a result, the appellant asserts that she has had to use her right arm, shoulder, and hand to perform tasks such as driving, lifting, cooking, and cleaning. *Id.* In the record below, the appellant provided various medical documents demonstrating examinations and treatment for chronic back pain, analysis of spinal problems, and pain extending to the left arm. IAF, Tab 24 at 7-27, Tab 32 at 14-21, 27, 39-42. The documented examinations and treatment all occurred prior to the September 2017 deadline to file, and the appellant did not submit any new medical evidence with her petition for review. IAF, Tab 24 at 7-27, Tab 32 at 14-17, 39-42. She also submitted forms from a health care provider stating, without further explanation, that she suffered from "insomnia—difficulty sleeping" in March 2016. IAF, Tab 32 at 15, 17, 40, 42.

¶7      The appellant has not submitted medical documentation specifically addressing her condition during the relevant time period, i.e., between the issuance of the initial decision and the filing of her petition for review. *See Stribling*, 107 M.S.P.R. 166, ¶ 10 (noting a lack of medical evidence during the relevant period in finding no good cause for a waiver of the time limit). Moreover, even assuming that her conditions remained as described in her medical evidence, the appellant has not explained how her documented conditions prevented her from timely filing a petition or requesting an extension. The mere references to "insomnia—difficulty sleeping" are insufficient to meet this burden. PFR File, Tab 4 at 5; *see Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 10 (2009) (finding that a physician's office's notes excusing an appellant from work for stress, insomnia, and severe headaches failed to establish that his conditions impaired his ability to file a timely petition for review or request an extension of time to file). The appellant states that the injury to her left side forced her to perform daily work with her right arm, such as cleaning, driving, and cooking, but she has not explained how this injury prevented her from filing a petition for review or motion for an extension of time when she could still perform daily functions, albeit in a hindered capacity. PFR

File, Tab 4 at 6; *see Pirkkala*, 123 M.S.P.R. 288, ¶ 20 (finding that the appellant failed to explain how her shoulder problems affected her ability to file a timely removal appeal).

¶8        Although her other alleged medical issues, such as anxiety and concentration problems, might have made it more difficult to meet the timeline, she has provided neither medical evidence showing that she suffered from these conditions nor corroborating evidence explaining how these alleged conditions prevented her from timely filing her appeal or requesting an extension of time. PFR File, Tab 4 at 5; *see Stribling*, 107 M.S.P.R. 166, ¶¶ 10-11; *Lacy*, 78 M.S.P.R. at 437 & n.*.  We acknowledge her statement that, because of her "serious medical conditions," she has "no knowledge about the initial decision." PFR File, Tab 4 at 11.  However, the appellant has not submitted medical or other corroborating evidence establishing that she could not understand the filing deadline or the method for filing a petition for review or requesting an extension of time.  Additionally, the appellant filed for disability retirement benefits and a subsequent Board appeal of the decision by the Office of Personnel Management, both during the relevant period.  PFR File, Tab 2 at 18-26, 162-63; *Wang v. Department of Commerce*, MSPB Docket No. DC-0752-20-0383-I-1, Initial Appeal File, Tab 1 at 11-15.  The appellant's demonstrated ability to actively participate in other proceedings during the relevant period weighs against a finding that her medical condition prevented her from timing filing her petition for review or a request for an extension of time.  *See Stribling*, 107 M.S.P.R. 166, ¶ 14.  As such, we find that the appellant has failed to establish good cause for a waiver of the time limit.

¶9        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review.  The initial decision remains the final decision of the Board regarding the dismissal for failure to prosecute.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] The appellant also filed a Motion to Suspend Due to Medical Inability and a Motion to Ask for the Board's Help in Settling the Appeal.  PFR File, Tabs 7-8.  Given our decision to dismiss the petition for review on timeliness grounds, we deny the appellant's remaining motions.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                                  _____
                                                  Jennifer Everling
                                                  Acting Clerk of the Board

Washington, D.C.